EMILIE MOECKEL, Respondent, v. JOSEPH J. HEIM *et al.*, Appellants.

Kansas City Court of Appeals, February 2 and July 2, 1891.

1. **Married Women:** INDORSEMENT OF PROMISSORY NOTE. A married woman is not *sui juris*, and she cannot make a contract of indorsement, either in express terms or by implication.

2. —— : —— : STATUTE : HUSBAND'S BENEFIT : COLLECTION. The statute not only requires express assent for the husband to sell, incumber or otherwise dispose of the wife's property, but the assent, in order that the property may become the husband's, must also be that he dispose of it for his own use and benefit; and her mere signature on the back of a note is, at most, an assent that he might collect the money due thereon for her. But whether this would be express assent, *quære*.

3. —— : SURETY FOR HUSBAND CHARGES HER SEPARATE ESTATE : CREDITOR'S RIGHTS IN EQUITY. Plaintiff, a married woman, signed her husband's note as surety. The husband without authority pledged notes indorsed by the wife—her separate property—as collateral security for his note. Plaintiff then brings her bill in equity against her husband's creditors—the holders of her husband's note—to recover her notes so pledged as collateral. *Held :—*

    (1) In becoming surety for her husband, plaintiff charged her separate estate.

    (2) The husband's note on which she is surety, chargeable on the notes plaintiff is seeking to recover in this action, may be interposed in defense of the action, if properly set up.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Warner, Dean & Hagerman,* for appellants.

The indorsement of the notes in which she had a statutory separate estate by the wife in blank, and the

·delivery of them to her husband, was a sufficient assent in writing by the wife under the statute, and gave the husband full authority to sell, incumber or otherwise dispose of the notes for his own use and benefit. *Rodgers v. Bank*, 69 Mo. 564; *Coal Co. v. Coal Co.*, 8 Wallace, 288; *Long v. Strauss*, 107 Ind. 94; 4 W. Rep. 239; *Smythe v. Scott*, 3 W. Rep. 746; Benjamin's Chalmers' Digest, p. 123; *Fitzgerald v. Baker*, 96 Mo. 661; Tiedeman on Commercial Paper, sec. 167.

*Kagy & Bremermann*, for respondent.

(1) The statute, section 6869, is explicit that the respondent's notes shall not be deemed to have been reduced to possession by the husband by his use, occupancy, care or protection thereof, but the same shall remain her separate property, unless, by the terms of said assent in writing, full authority shall have been given by the wife to the husband to sell, incumber or otherwise dispose of the same for his own use and benefit. From this seven things follow *ex necessitate*: *First*. There must be a writing. *Second*. There must be an assent in the writing. *Third*. This writing must contain the terms of the assent, setting forth the grant of authority, in words, not by implications. *Fourth*. The terms of the writing must set forth the authority in full, and explicitly, so that it may be seen that no restriction whatever has been placed upon it by the wife and no reservation made by her. *Fifth*. The express terms of the writing must plainly show full and absolute authority given to the husband and to him alone, the wife relinquishing all claim. *Sixth*. By the express terms of the writing it must be stated whether he has authority to sell, or to incumber, or in what manner he may dispose of the property. The mode must be pointed out. *Rodgers v. Bank*, 69 Mo. 560; *McCoy v. Hyatt*, 80 Mo. 136; *Broughton v. Brand*, 94 Mo. 174; *Gilliland v.*

*Gilliland,* 96 Mo. 524; *Reiper v. Reiper,* 79 Mo. 352; *Watson v. Smelting & Refining Co.,* 8 Mo. App. 604; *Franc v. Nidlinger,* 41 O. St. 298; *Farmers' Ex. v. Farmer,* 39 N. J. Eq. 211; *Parker v. Wimbily,* 78 Ala. 64; *Clark v. Clark,* 45 N. W. Rep. (Wis.) 121; *Linderman v. Farquharson,* 101 N. Y. 434. (2) "An act evidencing intention is said to be express when it is done with the direct object of communicating the intention, as opposed to implication." Rapalje, p. 488. "Express,—given in direct terms; not implied or left to inference." Webster. "*Expressum facit cessare tacitum.*" *Mill Co. v. Brundage,* 25 Mo. App. 269; *Coal Co. v. Coal Co.,* 8 Wallace, 288; *Long v. Strauss,* 107 Ind. 94. (3) That a married woman may execute a note and thereby bind her separate estate. *Turner v. Shaw,* 96 Mo. 22; *Kimm v. Weippert,* 46 Mo. 532. It may also be charged for her contracts of suretyship for the benefit of another; but, in the latter case, if the contract is in writing, and is not directly for the benefit of her separate estate, the intention to make it liable should appear in the writing itself. *Yale v. Dederer,* 18 N. Y. 265; *Putnam v. Tennyson,* 50 Ind. 456; *Penn v. Young,* 10 Bush (Ky.) 626; *Wilson v. Jones,* 46 Md. 349; *Perkins v. Elliott,* 23 N. J. 526; *Elliott v. Gower,* 12 R. I. 79; *Dale v. Robertson,* 51 Vt. 20. With regard to such contracts no intent is generally presumed. *Melton v. Brown,* 47 Mo. 504; *Boeckler v. McGowan,* 9 Mo. App. 373; *Bank v. Taylor,* 53 Mo. 444; *Clark v. Bank,* 47 Mo. 16; *Burnley v. Thomas,* 63 Mo. 360; *Eystra v. Cappelle,* 61 Mo. 378; *Gage v. Gates,* 62 Mo. 412; *Davis v. Smith,* 75 Mo. 219; *Klenke v. Kletz,* 75 Mo. 239; *Bank v. Collins,* 75 Mo. 280; *Staley v. Howard,* 7 Mo. App. 377; *DeBaum v. Van Wagoner,* 56 Mo. 347; *Gay v. Ihm,* 69 Mo. 584; *Horton v. Ransom,* 6 Mo. App. 19; *Morrison v. Thistle,* 67 Mo. 596; *Nash v. Norment,* 5 Mo. App. 545; *Dameron v. Jamison,* 4 Mo. App. 299; *Pratt v. Eaton,* 65 Mo. 157; *Maguire v. Maguire,* 3 Mo. App. 458; *Myers*

*v. Van Wagoner*, 56 Mo. 115 ; *Lincoln v. Rowe*, 51 Mo. 571 ; *Kimm v. Weippert*, 46 Mo. 3·32 ; *Schafroth v. Ambs*, 46 Mo. 114 ; *Pemberton v. Johnson*, 46 Mo. 542 ; 3 Pom. Eq., secs. 1121–1126. A bill or note given by a married woman for her husband's debt will not render her liable although she may have a separate estate. 1 Randolph's Com. Pap. [ Ed. 1886.] sec. 2£9, where Missouri rule is stated; *Williamson v. Hayward*, 117 Mass. 532 ; *Ross v. Walker*, ·31 Mich. 120 ; *Alger v. Scott*, 54 N. Y. 14 ; *Emery v. Lord*, 26 Mich. 431 ; *Hetherington v. Hixon*, 46 Ala. 297 ; *McClure v. Harris*, 7 Heisk. 379 ; *Hansell v. Dewitt*, 63 Barb. 53. Such note given for the husband's debt, already existing, is void. Randolph's Com. Pap., sec. 289, *supra; Wilhelm v. Schmidt*, 84 Ill. 183. Her separate estate is not liable in the absence of separate benefit. Randolph's Com. Pap., sec. 313. Without separate benefit, no intention to charge separate estate presumed. Randolph's Com. Pap., secs. 307, 308. The contract is absolutely void at law, and equity will not charge her separate estate where she has received no benefit. *Brandt on Sure. & Guar.*, sec. 4 ; *Yale v. Dederer*, 18 N. Y. 265 ; *Perkins v. Elliott*, 8 C. E. Green. ( N. J.) 526 ; *Machine Co. v. Fuller*, 107 Mass. 437 ; *West v. Laraway*, 28 Mich. 464. ( 4 ) The court below was the sole jud·;e of the weight of evidence, and every presumption will be made in favor of the correctness of the ruling. The finding of the chancellor in equity cases will be deferred to unless the court has manifestly disregarded the evidence, and this is especially so where the evidence is conflicting. *Welch v. St. Louis*, 73 Mo. 73 ; *Anderson v. Shockley*, 87 Mo. 255 ; *Hulert v. Small*, 52 Mo. 525 ; *Tough v. Montgomery*, 5 Mo. 529 ; *Chouteau v. Allen*, 70 Mo. 336 ; *Sayer v. Devore*, 99 Neb. 436 ; *Robertson v. Reed*, 38 Mo. App. 32 ; *Chapman v. McIllwrath*, 77 Mo. 38 ; *Snell v. Harrison*, 83 Mo. 652 ; *Erskine v. Lowenstein*, 82 Mo. 301, 309.

*Warner, Dean & Hagerman*, for rehearing.

(1) That a wife can become surety for her husband has long been a recognized rule of law in this state. *Lincoln v. Rowe*, 51 Mo. 572; *Bank v. Taylor*, 62 Mo. 338; *Blair v. Railroad*, 89 Mo.; *Bank v. Collins*, 75 Mo. 280; *Kimm v. Weippert*, 46 Mo. 532, and cases cited; *Siemers v. Kleeburg*, 56 Mo. 196; *DeBaum v. Van Wagoner*, 56 Mo. 347; *Schafroth v. Ambs*, 46 Mo. 114; *Whitesides v. Cannon*, 23 Mo. 457; *Morrison v. Thistle*, 67 Mo. 596; *McQuie v. Peay*, 58 Mo. 56; 2 Story's Eq. Jur., secs. 1390, 1393; *Daily v. Mfg. Co.*, 88 Mo. 301; Reeves' Dom. Rel., pp. 236, 237. (2) If, then, our argument is correct, that the wife is bound by her own act in executing the note made by herself and husband to the defendant company, can she maintain this action in equity to recover back the proceeds derived from the collaterals which are admitted by the pleadings to be her separate property, and which are equitably chargeable with the payment of the debt which she contracted in favor of the defendant? It is a very old rule of law that a party appealing to a court of equity must first do equity. It is also a well-established rule of law that a party can do voluntarily what the law would require him to do. It is also a well-established rule of law that a party cannot recover back from another what he is legally or equitably bound to pay over to him. *Montgomery v. Machine Works*, 92 U. S. 257; 1 Bishop, sec. 120; *Thomas v. Kennedy*, 24 Iowa, 379; Story's Eq. Jur., secs. 979, 1266; *Wardwell v. McDowell*, 31 Ill. 375; *Hardy v. Summers*, 10 Gill & J. 316; 32 Am. Dec. 167; *Calhoun v. Hays*, 8 Watts & S. 127; 42 Am. Dec. 275; *Bryan v. Stump*, 8 Gratt. 241; 56 Am. Dec. 139; Freeman on Cotenancy and Partition, sec. 412; *Saveland v. Green*, 36 Wis. 612; *Bumgardner v. Edwards*, 85 Ind. 126.

ELLISON, J.—This action was instituted by filing a bill in equity which in effect charges defendant with the conversion of two promissory notes, the separate property of plaintiff, who is a married woman. Plaintiff had a decree in the circuit court giving her judgment for the amount of the notes subject to be satisfied by a return of the notes unpaid in sixty days, otherwise the judgment should be absolute and execution would issue. It appears from the evidence that plaintiff owned the notes, one for the sum of $375, dated April 2, 1887, and the other for the sum of $600, dated April 12, 1887, both of which were her sole and separate property; that she indorsed them in blank soon after she became the owner, and on or about the ninth day of July, 1887, delivered them to her husband, Bruno Moeckel. The plaintiff's husband, while in the employment of the defendants, became indebted to them in the neighborhood of $1,200, for the payment of which defendants were pressing him, and, in order to get further time and avoid litigation, he, together with the plaintiff, on the fourteenth day of June, 1887, executed and delivered a certain promissory note for the sum of $1,100 to the Ferd-Heim Brewing Company, and, to secure the payment of said note, the husband delivered as collateral security the two notes which had been indorsed in blank by plaintiff and delivered to him. It further appears from the evidence that the defendants had no notice whatever of the manner in which the husband got possession of the notes, or the purpose for which plaintiff delivered them to him. The foregoing states the facts in a short way, but as broadly for the defendants as the case will allow; and the question presented is, was there such a reduction to possession by the husband as gave him the power of disposal of the notes? That portion of the statute relating to the matter is as follows: "This section shall not affect the title of any husband to any personal property reduced to his possession with the

express assent of his wife: *Provided*, that said personal property shall not be deemed to have been reduced to possession by the husband by his use, occupancy, care and protection thereof, but the same shall remain her separate property, unless by the terms of said assent, in writing, full authoritity shall have been given by the wife to the husband to sell, incumber or otherwise dispose of the same for his own use and benefit." R. S. 1889, sec. 6819.

Defendants' contention is that the name written across the back of the note was an indorsement thereof as understood in commercial law. That in writing her name on the back of the notes she has said, *first*, that, "I hereby assign these notes to the bearer;" *second*, that "I hereby undertake that if these notes be dishonored I, on receiving due notice thereof, will indemnify the bearer." That, therefore, plaintiff did, in writing, give express assent and full authority to her husband to dispose of the notes for his own use and benefit. The result of this contention is, that the writing of her name across the back of a note by a married woman operates as a contract of indorsement with its implications and intendments. We are not of this opinion. A married woman is not *sui juris*. She cannot make a contract of indorsement. *Bachman v. Lewis*, 27 Mo. App. 81. If she had written on the note the words of defendants' second contention, they could not have been enforced against her. It is quite apparent that, if she could not make a contract of indorsement in express terms, she could not by any implication. But for the law peculiar to the indorsement of commercial paper the mere writing of one's name on the back of a note would amount to nothing. By force of the law, the writing on the back of a note implies a certain contract, but it never implies it to one not capacitated to make it. It does not imply authority in the holder to fill out a contract over the signature which the signer could not make. It is not pretended that the object

plaintiff had in writing her name on the notes was for the specific purpose of enabling her husband to deliver them for his own use and benefit to the defendants. Nor will we say that if such had been her intention that it would have been sufficient. The contention is, or the result of the contention is, that such is the legal effect of the act. By reference to the authorities cited in plaintiff's brief it will be seen that the statute here considered has been construed, in the cases arising under it, in keeping with its express terms. The judgment is affirmed. All concur.

## ON REHEARING.

ELLISON, J.—But if we are wrong in the foregoing there is another view which will still determine the point against defendant. In order that the property may become the husband's, the statute (quoted above) not only requires express assent in writing for the husband to sell, incumber or otherwise dispose of the wife's property, but the assent must *also* be that he may so dispose of it for his *own use* and *benefit*. If the terms of the assent are only that he may dispose of it he would be merely her agent. But when he attempts to use it for himself her express assent must be given that he may so do. The most that we could allow for her mere signature on the back of these notes is that it was an assent that he might collect the money due thereon for her. But whether even this would be *express* assent we do not decide. The Ohio statute is similar to ours except the assent is not required to be "express" or in writing; and in *Franc v. Nidlinger*, 41 Ohio St. 298, it was held that the indorsement and delivery of a draft to the husband did not constitute the necessary assent. "It was a consent that he might collect the money, but not that he might do so for his own use and benefit." *Farmer v. Farmer*, 39 N. J. Eq. 211.

We come now to another point made by defendant which has given us some difficulty. Plaintiff executed

to defendants a note with her husband and as his surety. And from this defendants contend that as they have a right in equity to charge plaintiff's separate estate with this note, they should not now be made (at the hand of a court of equity) to pay the notes which plaintiff charges they have converted, since they being her own estate are liable in equity to be charged with her note executed as aforesaid. But it is insisted that the wife cannot charge her separate estate by executing a note wherein she is a surety, unless it appears from the terms of the note that she intends so to do. This is not the law in this state. By executing the note, the presumption of law is that she intended to charge her separate estate unless the contrary intention appears from the paper. *Coates v. Robinson*, 10 Mo. 757; *Whitesides v. Cannon*, 23 Mo. 457, 472; *Miller v. Brown*, 47 Mo. 504, 513; *Kimm v. Weippert*, 46 Mo. 532, 545. And, though she sign with her husband as his surety, the same rule applies. 2 Story Eq., sec. 1401; *Metropolitan Bank v. Taylor*, 62 Mo. 338; *Lincoln v. Rowe*, 51 Mo. 571. And any intention not to charge her separate property in such case must, as in other cases, appear from the note itself, else it will be of no avail. *Metropolitan Bank v. Taylor, supra*. So, therefore, the note here referred to is properly chargeable on her separate estate unless its execution was procured by fraud. Our opinion, therefore, is that such note may be interposed by defendants in defense if it be set up in a proper answer. We can see no good or sufficient reason why this should not be permitted. Plaintiff is asking a court of equity to decree to her the notes or their value, they being her separate estate. Defendants have a claim which, in equity, is chargeable upon these notes, and they ought to be permitted to assert it in a court of equity.

The judgment will be reversed and the cause remanded and tried as herein indicated. All concur.