J. T. HAGUEWOOD et al., Appellants, v. F. R. BRITAIN.

Division One, December 22, 1917.

1. **TRUST: Intent: Deed by Entirety: Purchased With Wife's Money: Burden.** Equity neither creates nor enforces a trust contrary to the intent of parties capable of acting for themselves. Where a wife closed the negotiations for the purchase of property, consulted lawyers as to the best method of securing her husband in its enjoyment in case of her death, after the matter was explained deliberately chose to have it conveyed to her and him jointly in preference to taking the whole title in herself and providing for him by will, then paid her own money and accepted the deed by the entirety in the form in which her attorney had prepared it, there was no intention on her part of placing the title in him as trustee for her heirs, and no trust in their favor was created. Such being the facts, it is not necessary to decide whether the burden is on the husband to show that the wife's intent was that a trust was not to arise in favor of her heirs, since they conclusively establish a contrary intent.

2. ———: ———: ———: ———: **Husband as Agent.** The doctrine of those cases which hold that the wife's money in the husband's hands is a trust fund and the property in which he invests it becomes trust property, has no application to the use by the wife of her own money in the purchase of property which she of her own choice directed her attorney to cause to be conveyed to her and her husband jointly.

3. ———: ———: **Deed by Entirety in Partition.** Those cases holding that where estate lands belonging to the wife's ancestor are divided among the heirs in partition proceedings and the allotment to the wife is deeded to her husband or to him and her jointly he takes the title in trust for her or her heirs, have no

application to a conveyance made to the husband and wife, in pursuance to her direction to her attorney to have it so made, and the payment by her of the consideration.

4. ——: **Evidence of Intent.** A statement by the wife that she wanted her husband to have her property after her death, made to her attorney whom she directed to draw the deed, is not evidence that by a deed conveying property to her and him jointly she intended to create a trust, but only evidenciary of the state of mind which led her to investigate the relative effect and availability of different methods of accomplishing her purpose.

Appeal from Greene Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*W. P. Sullivan* and *Watson & Page* for appellants.

(1) The mere fact that the deed on its face shows a conveyance to wife and husband, does not show conclusively an estate by the entirety. Donovan v. Griffith, 215 Mo. 149; Jones v. Elkins, 143 Mo. 647; McLeod v. Venable, 163 Mo. 536; Hudson v. Wright, 204 Mo. 412. (2) This land having been purchased with the separate money and means of the wife, under the statute remained her separate property. R. S. 1909, sec. 8309. (3) A mere verbal direction by the wife to have the deed made to herself and husband is not sufficient to create an estate by the entirety, where the land is purchased wholly with the separate money and means of the wife. Hudson v. Wright, 204 Mo. 412, l. c. 420, 432; Jelly v. Lamar, 242 Mo. 441; Holman v. Holman, 183 S. W. 623; Powell v. Powell, 183 S. W. 625; Grocer Co. v. Ballinger, 137 Mo. 375. (4) In this case the evidence does not show an intention to create an estate by the entirety, but only a desire to make testamentary disposition of her property, so that her husband would get her property at her death. (5) The intent of the wife to create an estate by the entirety does not alter the legal effect of the deed under the evidence, since there was no such intention expressed in writing. Sec. 8309, R. S. 1909;

Powell v. Powell, 183 S. W. 623; Hudson v. Wright, 204 Mo. 412. (6) The signing of the check which paid for the land is not a sufficient writing to satisfy the statute. McMahon v. Welsh, 132 Mo. App. 593; Case v. Espenschied, 169 Mo. 220; Hurt v. Cook, 151 Mo. 427; McGuire v. Allen, 108 Mo. 409; Johnston v. Johnston, 173 Mo. 119.

*W. G. Gideon* for respondent.

(1) A conveyance of real estate in fee to husband and wife creates a tenancy by the entirety with the right of survivorship. Garner v. Jones, 52 Mo. 71; Hall v. Stephens, 65 Mo. 676; Russell v. Russell, 122 Mo. 237; Bains v. Bullock, 129 Mo. 117; Craig v. Bradley, 153 Mo. App. 592-597; Frost v. Frost, 200 Mo. 483; Wilson v. Frost, 186 Mo. 319; Deer v. Deer Estate, 180 S. W. 575. (2) The Married Woman's Statute was not intended to and did not abolish estates by the entirety. Frost v. Frost, 200 Mo. 474; Wilson v. Frost, 186 Mo. 311; Bains v. Bullock, 129 Mo. 117. (3) In this case the facts disclosed show that there is no question of the reduction of the wife's personal property to the possession of the husband, which leaves the statute, Sec. 8309, R. S. 1909, without application in this case, leaving the legal effect of the deed to be governed by the principles of the common law as to estates by the entirety. Craig v. Bradley, 153 Mo. App. 593. (4) The deed created an estate by the entirety, giving a vested interest to the grantees, and its legal effect cannot be changed or the estate prevented from arising on the mere fact alone that the wife's separate money and means furnished the consideration. Craig v. Bradley, 153 Mo. App. 594. (5) In the absence of evidence showing that the defendant took or received his wife's money and invested it in the land in controversy and had the title vested in himself and wife, no resulting trust could arise in favor of the wife or her heirs. Jones v. Elkins, 143 Mo. 647; McLeod v. Venable, 163 Mo. 536; Donovan v. Griffith, 215 Mo. 149; Hudson v. Wright, 204 Mo. 412. (6) Where the wife is in com-

plete control of her separate property, manages and transacts the purchase of real estate, being her own act, her written consent was unnecessary. Craig v. Bradley, 153 Mo. App. 593. (7) A resulting trust is a mere matter of intention, the establishment of which must be by evidence clear, convincing, and unequivocal, before a court of equity will lend its aid to divest title. Forrester v. Scoville, 51 Mo. 268; Darling v. Potts, 118 Mo. 506; Childs v. Wesleyan Cemetery Assn., 4 Mo. App. 74.

BLAIR, J.—Cordelia Britain died in 1912. Appellants are her heirs at law, and respondent is her surviving husband. In October, 1910, she purchased and paid for a residence and caused the deed to be made to herself and respondent. The deed, on its face, creates an estate by the entireties. Appellants brought this suit to have a trust declared and for partition. Having lost in the trial court, they bring the case here. Other facts necessary to a decision are stated in connection with the discussion of questions to which they are pertinent.

I. The doctrine that a resulting trust arises "from the payment of price by one person and the taking title in the name of another finds its sanction in the theory, which courts of equity adopt, that such a trust probably expresses the intention of the parties to the transaction. But equity neither creates nor enforces such a trust contrary to the ascertained intent of parties capable of acting for themselves." [Morris v. Clare, 132 Mo. l. c. 236; Morford v. Stephens, 178 S. W. 441.] In the circumstances, Mrs. Britain could have taken title in her own name and then, under the statute (R. S. 1909, sec. 8304 et seq.) as construed in numerous decisions (Farmers' Bank v. Hageluken, 165 Mo. 443; Myers v. Hansbrough, 202 Mo. 495; Kirkpatrick v. Pease, 202 Mo. 471; Clay v. Mayer, 183 Mo. 150; Evans v. Morris, 234 Mo. l. c. 186; Turner v. Shaw, 96 Mo. l. c. 28), lawfully could have conveyed

*Trust: Intent of Purchaser.*

to her husband without the intervention of a third party. [Glascock v. Glascock, 217 Mo. l. c. 378, 379; Wilson v. McDaniel, 190 S. W. 3.] She was entirely "capable of acting for herself" in the premises, and her intent becomes important. The trial court found that Mrs. Britain closed the negotiations for the property; consulted lawyers as to the best method of securing her husband in the enjoyment of the property in case of her own death; deliberately, after the matter was explained, chose to have the property conveyed as she did in preference to taking the whole title and providing for her husband by will; then paid her money and accepted the deed in the form in which she had had her own attorney prepare it. The court's finding on these matters is fully supported by the record. These facts not only fail to warrant a presumption of a trust, but they conclusively exclude any possibility that such thought was in the mind of any of the parties. Some courts hold that in cases in which the wife pays the consideration and title is taken in the husband's name, a gift is presumed; all hold if a gift is intended, and shown by evidence competent and sufficient, no trust arises. It is generally held that, if the wife pays the price and the title is taken in the name of both husband and wife, the law infers an intent of the wife to confer an interest by the entireties upon the husband and no trust will arise in the absence of proof that one was intended. These principles are stated in 13 R. C. L., sec. 440. In Reed v. Reed, 109 Md. 690, 130 Am. St. 552, and Lux v. Hoff, 47 Ill. 425, it is held that if a purchase by the wife or by the husband and wife is made with the wife's money and title taken in them jointly, no trust arises in the absence of evidence of an intent to create one. Mr. Bishop (2 Bishop on Married Women, secs. 118-125) approves the doctrine that in such cases there is a rebuttable presumption of an advancement or provision; the whole matter being one of intent and there being no unbending rule. There are decisions which impose upon the husband the burden of showing an intent

that a trust shall not arise from the wife's purchase and the taking of title in the names of both. It is unnecessary to discuss the relative soundness of these somewhat variant views because, in this case, the evidence and the court's findings satisfy the requirements of the rule most favorable to appellants.

II. Appellants rely upon cases (Jones v. Elkins, 143 Mo. 1. c. 651; McLeod v. Venable, 163 Mo. 1. c. 544, 545; Hudson v. Wright, 204 Mo. 1. c. 432; Donovan and Boyd v. Griffith, 215 Mo. 1. c. 166 et seq.; Holman v. Holman, 183 S. W. 623) holding that if the *husband,* with or without the wife's knowledge and consent, invests her money in realty and takes title, in whole or in part, in his own name, a trust arises in her favor. The doctrine of these cases is that the wife's money in the husband's hands is a trust fund and the property in which he invests it becomes trust property (Alkire Grocer Co. v. Ballenger, 137 Mo. 369; Frost v. Frost, 200 Mo. 1. c. 483, 484); that the statute. (Sec. 8309, R. S. 1909) renders nugatory her oral consent to her husband's use of her separate money and that her oral direction as to its use by him constitutes no nearer approach to compliance with the statute than does her *oral* consent. [Holman v. Holman, supra.] Of these decisions those which present the husband as the sole actor or as attempting to shield himself behind the wife's wholly ineffectual *oral* consent to his use of her money, clearly have no application to the instant case, in which the wife was the sole actor and, after advising with her counsel, deliberately and independently chose the course she took.

In Donovan and Boyd v. Griffith, supra, the answer set up that the husband acted as the wife's agent and at her direction. While it was competent for the wife to constitute the husband her agent, she could not by *oral* authorization confer upon him an agency to reduce her personalty to possession. The statute requiring written assent of the wife to such reduction cannot

be construed to permit such easy evasion. In the opinion in that case the general rule was applied without comment on this matter. Even if it be assumed that the agency referred to in that case was not one for the reduction to possession of the wife's personalty, but was one for the investment of the wife's money and the taking of a deed of designated character, and further assumed that such an agency could be constituted orally by the wife, then the general rule would have applied and the presumption of a trust would have arisen from the wife's payment of the purchase money and the court did not find an intent overthrowing the presumption. In any view that case is not authority against the judgment in this.

III. Other cases cited are those in which partition deeds are involved. Neither such deeds nor proceedings under the partition statute convey *any title*. They merely "adjust the rights of the parties to the possession." In such circumstances a partition

**Partition Deeds.** deed, the wife being the interested owner of a share in the property, conveys nothing to the husband though she ·directs that it be made to herself and to him. It conveys no *title* to her. Her mere consent or direction to include his name adds nothing to its conveying power and, of course, such oral direction cannot of itself constitute a conveyance. [Propes v. Propes, 171 Mo. 1. c. 417; Powell v. Powell, 183 S. W. 625.] Cases of this sort, therefore, have no tendency to show that the wife's direction to her attorney that, in this case, the deed be made to herself and husband, was without effect. They have no bearing on the question.

IV. It is neither pleaded nor intimated in the evidence that there was any fraud or undue influence. Further, the statement of the wife, made to her attorney, that she wanted her husband to have

**Her Property.** *her* property after her death, is not evidence of an intent that a trust was intended by what she did. It does not weaken respondent's case. It was

merely evidentiary of the state of mind which led Mrs. Britain into the investigation of the relative effect and availability of different methods of accomplishing a purpose. That purpose, she concluded, was best served by the deed she caused to be made. The judgment is right and is affirmed.

All concur, except *Bond, P. J.,* absent.