E. T. MESSENBAUGH, Admr., Respondent, v. JOHN GOLL, Admr., Appellant.

Kansas City Court of Appeals, March 4, 1918.

1. ESTATE BY THE ENTIRETY: Note: Share and Share Alike. A note payable to husband and wife "share and share alike" does not create an estate by the entirety, and upon the wife's death the husband is not entitled to the note as survivor.

2. SEPARATE ESTATE: Husband and Wife: Note: Payee: Express Assent. Where a note given for purchase money of the wife's separate real estate is made payable to her and her husband "share and share alike," the husband does not have any interest in it, since, to have such interest, the wife by provision of the statute, must give

her express assent in writing, and allowing the husband to be made a payee in the note is not such express assent..

3. **HUSBAND AND WIFE: Heir: Administrator: Title: Action.** By provisions of the statutes of Missouri (Sec. 350, R. S. 1909) where a wife dies childless, the husband is her heir to one-half of her personal estate. But upon her death the legal title to such personal estate passes to the administrator of her estate to be administered and distributed under the direction of the probate court, and the husband cannot maintain an action against him for possession of any of such property while in the course of administration.

Appeal from Caldwell Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Greenwood & Cleveland* and *Paul D. Kitt* for respondent.

*Scott J. Miller* for appellant.

ELLISON, P. J.—This action is replevin whereby plaintiff seeks to recover possession of a promissory note. The case was tried by the court without the aid of a jury and judgment rendered for plaintiff.

It appears that Frances Pilkington was married to James Cullen in the year 1900. Before her marriage she owned a tract of real estate. That several years after her marriage she sold the land, her husband joining in the deed, to one John Goll and in part payment took his note, secured by deed of trust on the land, for $6500, payable in five years "to the order of Frances D. Cullen and James Cullen, share and share alike with interest, at the rate," etc. Afterward, in December, 1915, Frances died childless, without a will and in the following month James, her husband, died. Plaintiff was appointed administrator of Frances' estate. Defendant was appointed administrator of James' estate, and as such took possession of the note in question as the property of James' estate and this action by plaintiff as administrator of the wife's estate followed.

Defendant's grounds of defense may be said to be three fold: First, that Frances and James had an estate by the entirety in the note. Second, if an estate by the entirety was not created, then each had an undivided half interest therein. Third, if neither of these contentions is correct, James had an interest by inheritance as statutory heir of his wife and distributee of her estate.

We are satisfied that by the provision of the note itself an estate by the entirety did not exist in the note. An entirety is *all* and an estate by the entirety is where both the husband and wife own all the estate. They hold *per tout et non per mi.* Each has an ownership in the whole. [Craig v. Bradley, 153 Mo. App. 586, 592.] The whole estate vests in both as one person, and when one dies the entire estate remains in the survivor. [Gibson v. Zimmerman, 12 Mo. 385; Craig v. Bradley, 153 Mo. App. 385, 597.] So when Frances and James had themselves designated as payees in the note "share and share alike," they attempted to create an interest in it which we designated in Craig v. Bradley, supra, as the antithesis of entirety. Defendant has called our attention to the recent case in the Supreme Court of Haguewood v. Britain, 199 S. W. 950. We find it to be totally different on the facts from this case and wholly without application.

Nor do we think that James became entitled to one-half interest in the note. Although the expression "share and alike" showed an intention in the mind of both, that each should have an undivided half interest in it, yet the statute, in terms, prevents the husband acquiring that interest. The note represents part of the purchase money of the wife's separate real property (Sec. 8309, R. S. 1909), and the title to such note or any part of it, can only be vested in the husband in the manner directed by statute, viz., by giving her "express assent in writing" with "full authority" to him "to sell, incumber or otherwise dispose of same for his own use and benefit." [Section 8309, R. S. 1909.] When Frances had the note executed to James for one-half interest

therein, it was merely in effect, a verbal gift to him of such interest, and was in the face of the statute which we have just noticed. The Supreme Court has held that a blank endorsement of a note by his wife and delivery to the husband did not constitute the assent required by statute. [McGuire v. Allen, 108 Mo. 403.] It was held by that Court, that such endorsement and delivery was not the "express assent in writing" required by the statute. [Hurt v. Cook, 151 Mo. 416, 426-431; Case v. Espenschied, 169 Mo. 215.] And so we have held. [Moeckel v. Heim, 46 Mo. App. 340: Company v. Crowley, 167 Mo. App. 414, 417.]

Taking up defendant's last theory of defense, we find that the husband by the death of his wife without children became her statutory heir to one-half of her entire personal estate (Sec. 350, R. S. 1909). Whether this note, or a part of it, would fall to his share of such entire estate, as such heir, will depend upon partition or division and distribution in the probate court. The legal title to the personal estate which she had at her death is in her administrator (Becraft v. Lewis, 41 Mo. App. 546, 552; State ex rel. v. Moore, 18 Mo. App. 406), and after due proceeding in the probate court as directed by statute, if not taken for debts, it would be distributed and the husband's part set off to his administrator. Until that time it rightfully should be in the possession of the administrator of her estate. Finding ourselves in accord with the circuit court, we affirm the judgment. All concur.