J. L. MONPLEASURE, et al., Respondent, v. THE HOME INSURANCE COMPANY, Appellant.*

Springfield Court of Appeals, February 27, 1924.

INSURANCE: Policy Held not Void on Ground That Insured was not Sole and Unconditional Owner. Husband, who furnished funds for purchase of property but caused deed to be executed to himself and wife as tenants by the entirety, in the belief that he thereby eliminated expenses of administration if he died prior to his wife, could recover on fire policy, though he stated in application therefor that he was the sole and absolute owner of the property, and the policy provided that the policy would be void if the insured was not the sole and unconditional owner in fee.

---

*Headnote 1.  Fire Insurance, 26 C. J. section 219.

Appeal from Circuit Court of Laclede County.—*Hon. W. E. Barton,* Judge.

AFFIRMED.

*Kirby Lamar, Fyke, Snider & Hume* and *E. L. Snider* for appellant.

(a) Instruction No. 1, offered by defendant in the nature of a demurrer, should have been given. If plaintiff was not the sole and unconditional owner in fee of the property, he, of course, was not entitled to a verdict. Turner v. Ins. Co., 195 Mo. App. 138; LaFont v. Ins. Co., 193 Mo. App. 543; Schroeder v. Humboldt Ins. Co., 158 Penn. 459, 27 Atl. 1077; Aetna Ins. Co. v. Resh, 40 Mich. 241. (b) Plaintiff was not sole and unconditional owner of said property in fee. Holmes v. Kansas City, 209 Mo. 513, 523; Russell v. Russell, 122 Mo. 235; State ex rel. v. Ellison, 233 S. W. 1065; Funk v. Funk, 205 Mo. App. 178; Haguewood v. Britain, 273 Mo. 89. (c) The court usurped the province of the jury and fixed for them the amount of verdict to be returned, in the event they found for plaintiff. Johnson v. Grayson, 230 Mo. 380; Seehorn v. Bank, 148 Mo. 256, 265; Gannon v. Gas Co., 145 Mo. 503; Good v. Kennedy, 226 S. W. 596; Lederer v. Morrow, 132 Mo. App. 438.

*I. W. Mayfield & Son* for respondents.

(a) Under the law in this State equitable ownership is sufficient to satisfy the "sole and absolute" ownership clause in an insurance policy. Gaylor v. Ins. Co., 41 Mo. 1; Lingenfelter v. Ins. Co., 19 Mo. App. 268; Turner v. Home Ins. Co., 195 Mo. App. 141. (b) An equitable interest is sufficient to support an insurable interest. Ward v. Concordia Fire Ins. Co., 224 S. W. 961; Hubbard et al. v. Ins. Co., 57 Mo. App. 1. (c) In this State there is no difference between the term fee simple and equitable ownership. Leather Co. v. Ins. Co., 131 Mo. App. 709; Ice & Power Co. v. Ins. Co., 194 S. W. 724. (d) It is proper to set up equitable ownership in reply. Ward v. Concordia Fire Ins. Co., supra, 224 S. W. 961. (e) We think plaintiff, J. L. Monpleasure, is the equitable owner of

the property insured.   It stands undisputed that he furnished the purchase money  with no intention of making a gift, advancement, or settlement on his wife.   It was clearly a matter of intention which may be shown by parol.   Turner v. Home Ins. Co., 195 Mo. App. 142; Price v. Kane, 112 Mo. 415; Tierry v. Tierry, 249 S. W. 952.   (f)   The issue being one of intention the declarations of the husband and wife were competent evidence, and a proper issue to submit to the jury, whose finding is binding on appellant.   Siebold v. Christman, 7 Mo. App. 254, affirmed in Siebold v. Christman, 75 Mo. 308; Darrier v. Darrier, 58 Mo. 227.   (g) A misrepresentation is not to be given the effect of a warranty unless material to the risk.   Secs. 6233-6234-6235, R. S. 1919.   (h) It was an issue which defendant should have raised by answer. Ritchey v. Home Ins. Co. 104 Mo. App. 149; Faber v. Ins. Co., 191 Mo. App. 329; Christman v. Ins. Co., 143 Mo. 465. (i) It should appear by the pleading and evidence that the insurer would not have issued the policy, or would have charged a different premium had the true facts been disclosed.   Boggs & Leather Co. v. American Ins. Co., 30 Mo. 68.   (j) An estate by the entirety today is the same as it was at common law.   The married woman's statute has not abolished the legal unity of husband and wife, each owns the whole.   Brewing Co. v. Saxey, 273 Mo. 162.   (k) The insured property being real estate, and a total loss, the court's instruction to find for the plaintiff in the sum of $800, the amount specified in the policy, was correct under the pleadings, and in view of our Statute.   Section 6229 and Proviso 3, sec. 6239, R. S. 1919; Horine v. Ins. Co., 199 Mo. App. 122; Smith v. Ins. Co., 195 Mo. App. 384; Rogers v. Fire Ins. Co., 157 Mo. App. 680.   (l) Plaintiff need not aver the value of the property lost.   The policy fixed that.   Sharp v. Ins. Co., 164 Mo. App. 486; Bode v. Firemens Ins. Co., 103 Mo. App. 293.

BRADLEY, J.—This is a suit on a fire insurance policy by the owner and the mortgagee to recover for the loss of a dwelling and barn.   The cause was tried

before the court and a jury. Plaintiff recovered and defendant appealed.

In using the term plaintiff we have reference to plaintiff Monpleasure as the mortgagee is not mentioned except in the petition. In the application plaintiff stated that he was the sole and absolute owner of the property insured. The policy provided that ''if the insured shall not be the sole and unconditional owner in fee of said property'' then the policy would be null and void. A breach of the warranty of ''sole and unconditional owner in fee'' is the defense.

The policy was issued September 6, 1921, for a period of five years. May 1, 1922, the property insured was destroyed by fire. January 21, 1918, the land upon which the destroyed dwelling and barn were situate was conveyed to plaintiff and his wife, and under the deed they are tenants by the entirety. Plaintiff pleaded in his reply as follows: ''Plaintiffs for further reply to defendant's answer state the facts to be that in truth and fact the plaintiff, J. L. Monpleasure, is the sole equitable owner and has the full equitable title to the property insured by the defendant. That the plaintiff, J. L. Monpleasure, purchased said property out of his separate and personal estate, and furnished the entire purchase money for said property out of his personal property and estate, and that he purchased the same with the intention on his part of becoming the sole owner of this property, and that if the title to said property appears as joint owner, tenant by the entirety, or otherwise than in the name of this plaintiff, J. L. Monpleasure, that it was never the intention of the plaintiff, J. L. Monpleasure, to make a gift, advancement, or settlement on any one to the title of said lands; that it was, has been at all times and is now his true intention to retain said property as his own estate, and in his own right and title.''

Plaintiff testified in support of the allegations of the reply, and on that point the court instructed as follows: ''You are further instructed that although you may find and believe from the evidence that at the time of making the application for insurance, and at the time said

policy was issued to the plaintiff by defendant, that the title to the property in question was in the joint names of the plaintiff and his wife, yet if you further find and believe from the evidence that at the time of the making of said deed the plaintiff's money purchased all of said property and was paid for by him, and that he did not intend to make said deed in his wife's name as any advancement to her, or any settlement with her, but only intended to avoid costs in case of his death and with no intention of making it as an advancement, or settlement or gift, then and in that event, his title would be sufficient to entitle him to a verdict in this action.''

The facts in Turner v. Home Ins. Co., 195 Mo. App. 138, 189 S. W. 629, are similar to the facts of the case at bar. In the Turner Case plaintiff bought the property for himself and paid for it with his own money, and directed that the deed be made to him, and supposed that such was the deed until after the fire occurred, and not until after the fire did he learn that his wife's name had been inserted in the deed as one of the grantees; that he purchased and paid for the property without any intention of making it a provision for, or gift to his wife, and without intending that any interest be conveyed to her. The facts in the case at bar are substantially the same as in the Turner Case, except that plaintiff did not direct that the deed be made to him alone. The deed in the instant case was made to plaintiff and his wife on the belief or notion, as plaintiff testified, that if the deed were so made and he should die first it would save the expense of administration. The law applicable to the facts is discussed in the Turner Case, and it is not necessary to repeat here. The policy was held valid in that case, not because the deed had been written contrary to the directions of the insured, but because under such facts the wife was held to be a mere trustee, holding whatever title she had in trust for her husband, who purchased and paid the purchase price without any intention of making any advancement, gift or settlement upon his wife. In the Turner Case it is said: ''The undisputed evidence here is that the husband purchased

and paid for this land without any intention of making it a provision for or a gift to his wife and in fact without intending that any interest in it be conveyed to her. In such case there is a resulting trust in the husband's favor, and he is the equitable owner of the property." This court indicated in the Turner Case what it thought about the question of the husband's sole and unconditional ownership under a deed by which the grantees become tenants by the entirety of the property conveyed. On this point the court said: "There is considerable authority holding that where the assured's title is under a deed making him only a tenant by the entirety with his wife he is not the sole and unconditional owner. (Citing cases.) If this had been all that was shown in this case as to title we would be inclined to hold the policy void in view of what the Supreme Court held as to the wife having a substantial interest when holding as a tenant by the entirety in Holmes v. Kansas City, 209 Mo. 513, 108 S. W. 9, (and) 1134." On the authority of the Turner Case, and cases there cited, we hold that under the facts in the case at bar the policy was not void on the ground that the plaintiff was not the sole and unconditional owner in fee of the insured property.

We do not think that our conclusion is contrary to any rule of law announced in Haguewood v. Britain, 273 Mo. 89, 199 S. W. 950, and Larrick v. Heathman, 288 Mo. 370, 231 S. W. 975. It appears to us from these two last-mentioned cases that the controlling fact is the *intention* of the one who *furnished* the purchase money. If plaintiff in the case at bar, intended to *vest* in his wife some interest in the property purchased, or to make an advancement to her, and to that end directed the deed to be made as here, then he would be precluded from questioning the character of such conveyance.

The judgment should be affirmed, and it is so ordered. *Farrington, J.,* concurs. *Cox, P. J.,* concurs in a separate opinion.